**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| **JASON HOWARD, on behalf of himself and on behalf of all others similarly situated,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**LENOVO (UNITED STATES), INC.** )<br>)<br>**Defendant.** ) | **Case No. 4:16-cv-00288-GAF**<br><br>**JURY TRIAL REQUESTED** |

## AMENDED COMPLAINT

Plaintiff Jason Howard, by and through his undersigned counsel, for his Amended Complaint against the Defendant, states and alleges the following based upon investigation and on information and belief:

## PARTIES

1. Plaintiff Jason Howard ("Howard") is, and at all times material was, a person over the age of eighteen residing in Jackson County, Missouri.

2. Defendant Lenovo (United States), Inc. ("Lenovo") is, and at all times herein referenced was, a foreign for-profit corporation with its headquarters and principal place of business in North Carolina, registered to transact business within the State of Missouri, transacting substantial business in Missouri, and available for service of process via registered agent: CT Corporation, 120 South Central Ave, Clayton MO 63105.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because:

    a. This is a civil action filed pursuant to Fed. R. Civ. P. 23 brought by one or more representative persons as a class action;

1

b. The amount in controversy of all class members in the aggregate exceeds the sum or value of $5,000,000.00, exclusive of interest and costs;

c. Many members of the putative class are citizens of States other than North Carolina, which is the State of Lenovo's residence, and

d. All other factual conditions precedent necessary to empower this Court with subject matter jurisdiction and personal jurisdiction have been satisfied.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, Lenovo transacts a substantial amount of business in this District, or Lenovo otherwise has sufficient contacts with this District to justify it being fairly brought into this District, and Plaintiff resides in this District and was first injured in this District.

## **ALLEGATIONS RELATED TO ALL COUNTS**

All allegations set forth in this Complaint are made upon information and belief, unless specifically indicated otherwise.

3. This is an action to recover monetary damages and for injunctive relief resulting from Lenovo's wrongful sale of defective laptop computers that have fundamental defects in the main hinge that renders the product useless and of greatly reduced value.

4. Lenovo is a China-based company that designs, manufactures and sells a broad range of desktop computers and laptop computers

5. Lenovo is the world's largest personal computer vendor, in terms of unit sales.

6. On January 5, 2014, Lenovo announced the availability of their Y50 series laptop computers ("Y50 Series") and began selling the Y50 Series in the United States thereafter.

7. Shortly after the Y50 Series was made available for sale in the United States, consumers began to experience problems with the main hinge that connects the screen to the

2

keyboard. Specifically, Y50 Series purchasers began to experience instances where the main hinge would freeze, grind, stick, "pop off," snap or break altogether (the "Hinge Defect").

8. Class member complaints to Lenovo about the Hinge Defect began to surface in the summer of 2014, just months after the Y50 Series became available, and a sampling of such complaints from Lenovo's own website includes:

| Date and Source | Consumer Complaint |
| --- | --- |
| Forums.lenovo.com | …The 2 hinges attach the base of the laptop to the monitor (metal chassis, not the screen) with glue. Now the left hinge got detached as the glue was not able to hold it. Now the screen flexes when I close or open it…. |
| Forums.lenovo.com | From the first week, first day even- I noticed it was clunky/rough the way the laptop opened and closed, but I thought it was because of its slick design and that maybe it would loosen up in time. Boy did it loosen up. So much loosening that the inner lid casing was splitting off, taking the outer lid casing with it, partially the screen coming off as well, and the little plastic part the hides the hinges.<br><br>But when that little plastic part came off, **I saw that this was not a problem of loosening up- no, one could see clear as day that the left hinge was defective**- not moving at all like the right one did. This pressure and dead-lock caused all of this damage I have never ever seen on a laptop before...and it's heartbreaking really, I've only had this baby for 2 months.<br>[Emphasis added.] |
| Forums.lenovo.com | Hello, I purchased a Lenovo Y50-70 Touch in August and around November the hinge joint was creaking. As with most of the others, I did not drop, mishandle, or otherwise abuse the laptop, but one day in late November when I opened the laptop, the plastic casing around the left hinge joint popped off. I'm a college student, so I don't have tons of cash, so this laptop was a big investment for me. I |

| | |
|---|---|
| | sent it off to be repaired, but **they stated 'accidental damage' and said it was not under warranty.** [Emphasis added.] |
| Forums.lenovo.com | So I got my Y50-70 5 months and loved it (and currently still loving it). About 2 months ago I noticed that the plastic cover of the hinge popped out when I opened my laptop. I pushed it back in and thought nothing of it. This week, however, the cover popped out slightly everytime I opened it (http://imgur.com/a/InT2p). However, today, I had my laptop open. As I attempted to close it I hear a loud audible pop. The plastic panel covering the hinge came off. I removed it and saw that the plastic holding the metal hinge on the left side of the screen had cracked, separating the hinge from the screen (http://i.imgur.com/OIuF2ml.jpg). I saw it as odd, but since nothing had really stopped me from closing the laptop before, I attempted to close it. The rest of the screen separated from that hinge. The hinge proceeded to dig itself under the screen and crack it (http://imgur.com/a/kJ1kT). This is very frustrating, since I have only had the laptop for 5 months before this happened…. Currently, I am unable to close the laptop since the metal left hinge has wedged itself between the screen and the rest of the hinge and refuses to move. |
| Forums.lenovo.com | I purchased a Lenovo Y50-70 from Best Buy 60 days ago as my husband's primary computer for work, which he does from home. It does not travel with him, just sits in the same place in our home. (i.e. no physical damage on our part from careless use). A couple of days ago, the hinges made a creaking noise when my husband opened it. The next time he opened it, the plastic piece that covers the hinge popped off. **Then we could see that the left hinge was "frozen" and not opening or closing at all**, however, it had also pulled away from the screen and top cover and the screen was beginning to separate from the cover.<br>Thinking we had purchased a decent model (~$1150), we took it back to Best Buy but they said Lenovo tied their hands in being able process any kind of return. I called Lenovo Customer Service (who |

|   | said they couldn't authorize a return) and Technical Support (who also said they would not authorize a return). The Best Buy manager offered to call Lenovo Customer Service, and did so while I waited in their store. An hour later, and multiple transfers between departments, Tech Services said only Post-Sales could help us and they weren't open until Monday (today). So today I called Post-Sales and was immediately told that only Tech Services could help. Finally someone in Tech Services said they could have us send in the laptop for diagnosis **but it was cosmetic so we would be charged a couple hundred dollars for the repair**. Honestly, the computer is coming apart from the inside and we didn't do anything but set it on a table and have one person using it in our home. I finally got a hold of a specialist that said we could send in pictures and they might be able to come up with a different option for us. In the meantime, beware of the Lenovo Y50-70 if you want to avoid this nightmare. [Emphasis added.] |
|---|---|

9. Because the Y50 Series is a folding laptop, a defective main hinge renders the laptop unusable or of greatly reduced value.

10. Plaintiff Howard purchased a Y50 Series laptop in Lee's Summit, Missouri on December 7, 2014.

11. At the time Plaintiff Howard purchased his Y50 Series, Plaintiff did not have knowledge that his Y50 Series suffered from the Hinge Defect.

12. In 2015, after Plaintiff Howard began using his Y50 Series, the left hinge on Plaintiff Howard's laptop broke loose of its mounting, damaging the case and trim of the laptop, preventing the hinge from effectively opening and rendering the product useless.

5

13. As a result of the design or manufacturing flaw that causes the Hinge Defect after only a short amount of usage, the Y50 Series are not fit for their intended purpose, and Lenovo has long had knowledge of this fact.

14. When Lenovo began selling the Y50 Series in early 2014 it had, or should have had, knowledge of the Hinge Defect.

15. In light of the customer complaints to Lenovo in mid-2014, including those Hinge Defect reports on Lenovo's own website, Lenovo certainly knew, or should have known and would have known had it acted reasonably, that the Y50 Series suffered from the Hinge Defect.

16. Despite that fact, Lenovo failed to disclose the existence of the Hinge Defect and Plaintiff, along with all other class members, were deceived as a result of Lenovo's intentional failure to disclose that material fact.

17. Despite Lenovo's knowledge of the fact that the Y50 Series suffered from the Hinge Defect, Lenovo failed to disclose the existence of the Hinge Defect, and Plaintiff, as well as all other class members, were deceived as a result of Lenovo's misconduct.

18. The Hinge Defect is material because the Hinge Defect renders the Y50 Series useless and of greatly reduced value.

19. Additionally, the Hinge Defect is material because the Hinge Defect manifests itself during the warranty period.

20. The existence of the Hinge Defect is information that a reasonable consumer would have wanted to know when deciding whether to purchase a Y50 Series.

21. In addition to selling Y50 Series laptops that suffered from material defects, Lenovo has also refused to honor its warranty that provides for remediation of defects in the materials and workmanship of its products.

6

22. The Lenovo Warranty provides that the Lenovo product will be "free from defects in materials and workmanship."

23. However, as noted above the Y50 Series was not "free from defects in materials and workmanship" and, in fact, suffered from material, hidden defects in both the materials and workmanship.

24. When class members have presented warranty claims to Lenovo regarding the Hinge Defect, Lenovo has refused to honor its warranty.

25. After discovering the Hinge Defect, Plaintiff Howard made notice and demand upon Lenovo that it had failed to honor and breached the Warranty, and demanded that his Y50 Series laptop be repaired or fixed.

26. Despite having knowledge of the Hinge Defect by virtue of the numerous public complaints to Lenovo, Lenovo still failed and refused to honor the Warranty when Plaintiff Howard provided notice of the breach to Lenovo.

27. Lenovo breached the Warranty by virtue of the Hinge Defect and by virtue of refusing to fix or repair the Hinge Defect after notice by Plaintiff.

28. By doing so, Lenovo has refused to provide an effective remedy to class members under its express warranty, and implied warranty, obligations.

29. By its misconduct described herein, Lenovo has damaged Plaintiff and all members of the Class.

30. As a result of Lenovo's failure to disclose the existence of the Hinge Defect, Plaintiff and other Class members purchased the Lenovo Y50 Series Computers expecting to have a reasonable amount of continued use with such notebooks. Instead, however, Plaintiff and

other Class members received the defective Y50 Series which defective hinges rendered them useless.

31.     As a result of Lenovo's failure to honor warranty obligations, Plaintiff and other class members have been refused an effective remedy for the Hinge Defect, rendering their Y50 Series useless or of a greatly reduced value.

## CLASS ACTION ALLEGATIONS

32.     Unless otherwise specifically stated herein, and pursuant to Fed. R. Civ. P. 23, this action is instituted by Plaintiff Howard on behalf of himself and all persons who purchased a Y50 Series Lenovo laptop computer (the "Class").

33.     Plaintiff Howard also brings this action on behalf of himself and all Missouri residents that purchased a Y50 Series Lenovo laptop computer in Missouri (the "Subclass").

34.     The "Class" and the "Subclass" are hereinafter sometimes collectively referred to as the "Class."

35.     Plaintiff Howard reserves the right to amend the foregoing class definition or to further define subclasses.

36.     Excluded from the Class are all current Lenovo employees, officers and directors, and the judge presiding over this case.

37.     Upon information and belief, the Class referenced above includes thousands of putative class members residing throughout the United States and therefore, the Class is so numerous that joinder of all members of the class would be impractical.

38.     The claims for relief asserted herein on behalf of Plaintiff Howard and the putative Class members present questions of law and fact common to the class, including but not limited to:

a. Whether the Y50 Series suffers from a design defect;

b. Whether Lenovo failed to disclose material information to members of the Class;

c. Whether Lenovo's omission of material fact is misleading or reasonably likely to deceive a reasonable consumer;

d. Whether, by its misconduct as set forth herein, Lenovo has engaged in unlawful or fraudulent business practices;

e. Whether Class members have been injured by Lenovo's misconduct;

f. Whether as a result of Lenovo's misconduct, Plaintiff and other Class members are entitled to damages, restitution, equitable relief, injunctive relief, or other relief, and the amount and nature of such relief;

g. Whether the Y50 Series have not or will not perform in accordance with the reasonable expectations of ordinary consumers;

h. Whether Lenovo's express warranty fails of its essential purpose;

i. Whether Lenovo breached the express warranty with Plaintiff and the Class members, and

j. Whether Lenovo breached implied warranty of merchantability.

39. Plaintiff Howard's claims are typical of the claims of Class members in that all such claims:

a. Present the same elements and burden of proof;

b. Rely upon Lenovo's same course of conduct;

c. Rely upon the same legal arguments; and

d. Rely upon the same method to measure damages.

40. Plaintiff, as a representative for the putative Class, will fairly and adequately protect the interests of the putative Class because:

a. Plaintiff has knowledge regarding the facts and circumstances that give rise to his claims and the claims of the putative Class members;

b. Plaintiff is strongly interested and highly motivated to assert and protect his own rights and the rights of the putative Class in a vigorous fashion; and

c. Plaintiff has retained class counsel with substantial experience and expertise in class actions, commercial litigation and business litigation and which have the necessary and requisite resources. These law firms will vigorously assert and protect the interests of the putative Class members.

41. The questions of law and/or fact common to Plaintiff and the putative Class members predominate over any questions affecting only individual members of the Class, and a class action as asserted herein is superior to other available methods for the fair and efficient adjudication of this controversy, in that, among other elements:

a. The interests of Plaintiff and the interests of individual Class members in controlling the prosecution of separate actions are outweighed by the advantages of adjudicating the common issues of fact and law by means of a class action;

b. Upon information and belief, there are no pending certified class actions concerning the controversy at issue or the claims asserted in this case applicable to Plaintiff, or the putative Class members set forth herein;

c. Concentrating litigation of these claims in this forum is desirable because it will prevent and avoid a duplication of effort and the possibility of inconsistent results, and this forum represents an appropriate forum to settle the controversy based on the location of Plaintiff, the nationwide spread of putative Class members, the fact that Lenovo does substantial business in this jurisdiction, and the availability of witnesses and evidence; and

d. Any difficulties that may be encountered in management of the Class are greatly outweighed by the difficulties of handling multiple actions by individual Class members; this class action is a superior method because it furthers judicial economy and efficiency and is in the best interests of Plaintiff and the putative Class members.

### COUNT 1-VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

42. Plaintiff restates and re-alleges the paragraphs set forth above of this Amended Complaint and incorporate the same by reference as though fully set forth herein.

43. Plaintiff brings this Count 1 on behalf of the Subclass.

44. Lenovo sold the laptops, which qualify under Missouri law as "merchandise", by means of deception, fraud, false pretense, false promise, misrepresentation, unfair practice or through concealment, suppression, or omission of material facts. Specifically, Lenovo, at and before the time of the transaction referred to above, practiced deception, fraud, false pretense, misrepresentation, unfair practices and concealment, omission and suppression of material facts upon Plaintiffs by purposefully failing to disclose the Hinge Defect.

45. Lenovo certainly knew, or should have known and would have known had it acted reasonably, about the Hinge Defect by the summer of 2014, after Lenovo began receiving consumer complaints about the hinges on the Y50 Series breaking and malfunctioning.

46. Rather than disclose the Hinge Defect, Lenovo touted the Y50 Series as a superior product that was "first in its class" and "free from defects in materials and workmanship."

47. As a direct and proximate result of Lenovo's deception, fraud, false pretense, misrepresentation, unfair practices and concealment, Plaintiff and Class members were induced to and did purchase the Lenovo Laptop. Plaintiff made such purchase for personal, family and household purposes.

48. Plaintiff did not know that the statements made by Lenovo with respect to Lenovo Laptop were untrue or that there was material information that had been withheld from him.

49. The untrue statements of material fact and omissions noted above by Lenovo were such that reasonable consumers, including Plaintiff, would consider the true information important to consider during their decision-making process. Lenovo deprived Plaintiff of this opportunity by way of their conduct. In doing so, it caused or contributed to cause Plaintiff's damages.

11

50. Lenovo's conduct as described herein was intentional and in violation of V.A.M.S. § 407.020, and the regulations of the Attorney General of Missouri promulgated thereunder, and as a direct and proximate result of their illegal conduct, Plaintiff has suffered ascertainable loss in money.

51. Lenovo at all times acted intentionally, maliciously, willfully, outrageously and knowingly in violation of V.A.M.S. § 407.020, and is liable for punitive damages in the amount of at least $5,000,000.

52. Plaintiff stands ready, willing and able to return said merchandise to Lenovo, and stand ready to rescind the transaction herein.

53. Plaintiff has incurred and will incur attorney's fees in prosecuting this action, for which Lenovo is liable under V.A.M.S. § 407.025.

## **COUNT 2 – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

54. Plaintiff restates and re-alleges the paragraphs set forth above of this Amended Complaint and incorporate the same by reference as though fully set forth herein.

55. Plaintiff brings this Count 2 on behalf of the Class.

56. Plaintiff and Class Members purchased Lenovo's Y50 Series laptops.

57. By selling Y50 Series laptops, Lenovo made an implied warranty as to the merchantability of the laptops to Plaintiff and the Class Members.

58. Due to the Hinge Defect in the laptops, the laptops were not merchantable at the time of sale to Plaintiff and Class Members, in that the laptops were not fit for the ordinary purpose for which the laptops were to be used and the laptops did not satisfy a minimum level of quality.

59. In selling the non-merchantable laptops to Plaintiff and Class Members, Lenovo caused or contributed to cause damages to Plaintiff and Class Members and/or the property of Plaintiff and Class Members.

60. The non-merchantable laptops sold by Lenovo proximately caused damages to Plaintiff and Class Members and the property of Plaintiff and Class Members.

61. Lenovo was notified of the damages caused to Plaintiff and Class Members, and the property of Plaintiff and Class Members, by the Hinge Defect within a reasonable time after Plaintiff discovered the Hinge Defect, both by Plaintiff and by countless Class Members including but not limited to online complaints on Lenovo's website forum.

62. As a direct and proximate result of Lenovo's breach of the implied warranty of merchantability, Plaintiff and the Class Members have been damaged in an amount to be proven at trial.

## COUNT 3 – BREACH OF EXPRESS WARRANTY

63. Plaintiff restates and re-alleges the paragraphs set forth above of this Amended Complaint and incorporate the same by reference as though fully set forth herein.

64. Plaintiff brings this Count 3 on behalf of the Class.

65. Plaintiff and Class Members purchased Lenovo's Y50 Series laptops.

66. Lenovo provided a one-year Warranty for the laptops, warranting that "each Lenovo hardware product that you purchase is free from defects in materials and workmanship under normal use during the warranty period."

67. Lenovo breached its Warranty because its Y50 Series laptops suffered from the Hinge Defect at the time they were sold to Plaintiff and the Class Members and, therefore, were not "free from defects in materials and workmanship" as the Warranty states.

68. As a proximate result of Defendant's breach of its Warranty, Plaintiff and all other Class members who purchased the laptops have sustained damages and other losses in an amount to be determined at trial.

69. Furthermore, any purported disclaimer or limitation with respect to Lenovo's Warranty is unconscionable and unenforceable because, *inter alia*, Lenovo knew that the laptops suffer from the Hinge Defect when it was sold to Plaintiff in light of the multitude of customers reporting broken hinges and permanent damage to their Y50 Series laptops in mid-2014.

## COUNT 4 – BREACH OF CONTRACT

70. Plaintiff restates and re-alleges the paragraphs set forth above of this Amended Complaint and incorporate the same by reference as though fully set forth herein.

71. Plaintiff brings this Count 4 on behalf of the Class.

72. Plaintiff and Class Members purchased Lenovo's Y50 Series laptops.

73. With each Y50 Series laptop, Lenovo provided a written Warranty wherein Lenovo agreed to repair or replace Y50 Series laptops that suffered from defects.

74. When Plaintiff and other Class Members contacted Lenovo to obtain the contractual Warranty services for purposes of fixing or replacing their Y50 Series laptops due to the Hinge Defect, Lenovo failed and refused to honor the terms of the Warranty, thus breaching its agreement.

75. As a result of Lenovo's breach of the Warranty, Plaintiff and the Class Members were damaged.

14

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff prays the Court for judgment against Defendant Lenovo (United States), Inc., in an amount to be determined at trial, as appropriate for:

a. compensatory, restitution and general damages in an amount that is fair and reasonable and just;

b. punitive damages, against each Lenovo as appropriate, in the amount set forth above;

c. reasonable and/or statutory attorneys' fees under state laws;

d. costs of suit;

e. prejudgment and post judgment interest thereon at 8% or other appropriate rate as provided for by statute; and

f. such other and further relief as the Court deems just, appropriate and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 5, 2016	Respectfully submitted,

                     */s/ Joseph A. Kronawitter*
Robert A. Horn	MO Bar No. 28176
Joseph A. Kronawitter	MO Bar No. 49280
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
rhorn@hab-law.com
jkronawitter@hab-law.com

Kirk J. Goza	MO Bar No. 32475
Goza & Honnold, LLC
11150 Overbrook Road, Suite 200
Leawood, Kansas 66211
Telephone: (913) 451-3433
Facsimile: (913) 273-0509
kgoza@gohonlaw.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 5, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

                     */s/ Joseph A. Kronawitter*
                     Attorney